[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
The petitioner has filed a two paragraph complaint seeking habeas corpus relief from confinement resulting from his having been found not guilty by reason of insanity to a charge of arson in the 1st degree, a violation of C.G.S. § 53a-111. He was committed to the psychiatric security review board for a period not to exceed 12 years. Petitioner avers that he was provided ineffective assistance of counsel resulting in his illegal confinement.
Connecticut's supreme court has adopted a two-pronged test in measuring claims of ineffective assistance of counsel. First, petitioner must demonstrate by a preponderance of the evidence that his attorney's performance was substandard and second, that there exists a reasonable probability that, save for the attorney's deficiencies, the outcome of the proceeding would have been different. Ostolaza v. Warden, 26 Conn. App. 758 (1992). This test was originally set forth in the case of Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The facts in the present case disclose that the petitioner was charged with the instant offense and an examination was ordered pursuant to C.G.S. § 54-56d. The examination and report led to the conclusion that he was not competent to stand trial but that it was likely he could be restored to competence, and so he was committed to the commissioner of mental health. He was later found to have been restored to competency and the underlying confinement was ordered when he was found not guilty of the arson by reason of insanity.
Petitioner testified that he was under the influence of medication and didn't understand what was happening when the insanity plea was entered. In addition, he complains that he would prefer to serve straight jail time because he does not feel he is being fairly treated at Whiting Forensic Institute where he is now confined.
The petitioner was represented by Assistant Public Defender Susan Brown who testified that he had conducted eleven documented CT Page 9882 visits with him throughout the course of his case. She testified that, although he had apparent mental problems initially, once restored he seemed to be cognizant of the proceedings and that he exhibited no outward indications of confusion or prolonged lack of focus. She said that the medication about which the petitioner complained served to restore him to competency. Prior to receiving the medication, the petitioner was described in a report from Dr. Donald Grayson as suffering from "a psychotic illness, chronic paranoid schizophrenia, supplemented by substance abuse, which severely impaired his reality testing, and judgment, to the point that he was unable to appreciate the wrongfulness of his behavior, or conform his behavior to the expectations of the law."
Attorney Brown's testimony was supported by the testimony of Kim McKeon, a social worker in the public defender's office who stated she had met with the petitioner and Attorney Brown no fewer than eleven times, that some of these meetings were rather lengthy and that she had arranged for his psychological evaluation. She stated that his condition improved markedly after he had been administered medication as part of his restoration process, and that his entire mental outlook was reasonably healthy and focused. She also testified that she noted no side effects from his medication, nor did he complain of any.
Petitioner concedes he was anxious to proceed with the resolution of the case although the record shows counsel informed the court she was afforded ample time to explain the ramifications of the findings and subsequent commitment.
An examination of the record and habeas hearing fail to support the petitioner's claim of ineffective assistance of counsel. There is no credible evidence to substantiate his claim that his medication presented him with side effects which diminished his capacity to comprehend the proceedings and the results leading to his present confinement. In fact, the petitioner failed to present any evidence to support any of the assertions in his complaint. As to the first prong of theStrickland case, the petitioner has fallen substantially short of his burden of proving by a preponderance of the evidence that his attorney's representation fellow below the objective standard of reasonableness measured by prevailing professional norms. Johnsonv. Commissioner, 218 Conn. 403, 425 (1991). Having failed to establish by credible evidence the first portion of theStrickland test, there is no need to address the claim of CT Page 9883 prejudice.
Accordingly, because of the foregoing reasons, the petitioner's request for habeas corpus relief is dismissed.
Stanley, J.